```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GLENN WILLIAM BERGER,              :
                                   :
                Plaintiff,         :    CIVIL ACTION
                                   :
        vs.                        :    No. 09-cv-2235
                                   :
BUCKS COUNTY COMMISSIONERS OFFICE, :
et al.,                            :
                                   :
                Defendants.        :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **June 21, 2010**

Before the Court is Defendants Doylestown Township Police Department and Officer William Mokriski's Motion to Dismiss Amended Complaint (Doc. No. 57), and responses thereto (Doc. Nos. 61, 62). For the reasons set forth in this Memorandum, the Court grants Defendants' Motion.

### I. BACKGROUND[1]

On March 18, 2008, Alana Annuziata was having a dispute with her cousin. The police were called and Annuziata fled to Plaintiff's home. Police proceeded to Plaintiff's home, at which time Plaintiff was taken into custody for violating a Protection

---

[1] In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal citations omitted).

1

from Abuse Order ("PFA") which prohibited Plaintiff from contact with Annuziata.  Annuziata was not arrested.  Plaintiff pled guilty to all charges arising from his March 18, 2008 arrest.

On June 28, 2008, Annuziata again arrived at Plaintiff's residence unannounced.  Police were again dispatched to Plaintiff's home where he was again arrested.  Annuziata was not arrested.  Plaintiff ultimately pled guilty to two charges which arose from his arrest on June 28, 2008.

Plaintiff filed a pro se Complaint on June 8, 2009. Plaintiff alleges that the Doylestown Police Department failed to adequately train officers about PFAs, that the police officers gave preferential treatment to Annuziata, that he was falsely arrested on March 18, 2008, and that the Doylestown Police Department wrongfully failed to discipline Officer Mokriski, the arresting officer on March 18, 2008.  Because Plaintiff is pro se, we will read his Complaint broadly.  The Court will read Plaintiff's Amended Complaint as alleging Fourth and Fourteenth Amendment claims under 28 U.S.C. Section 1983 for false arrest, false imprisonment, failure to arrest another, failure to train, and state created danger.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff has failed to state a claim

on which relief can be granted.  In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 283 (1986); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Merely pleading facts consistent with liability is not sufficient; the plaintiff must plead facts which permit the court to make a reasonable inference that defendant is liable. Twombly, 550 U.S. at 570.

### III. Discussion

To make out a claim under Section 1983, Plaintiff must show that a person acting under color of state law deprived him of a federal right.  Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  An officer who is carrying out his official duties is acting under the color of state law for purposes of Section 1983.  Monroe v. Pape, 365 U.S. 167 (1961). Additionally, the Supreme Court has held that "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983." Board of County Commissioners of Bryan County v.

3

Brown, 520 U.S. 397 (1997). Accordingly, we must address whether the conduct of Officer Mokriski and/or the Doylestown Police Department deprived Plaintiff of a federal right.

**A. Claims Against the Doylestown Police Department**

The Court must dismiss all claims against the Doylestown Police Department. Police departments cannot be sued under Section 1983 because they are merely an administrative arm of the a local municipality and not a separate entity for purposes of suit. DeBellis Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001); Open Inns, Ltd. v. Chester County Sheriff's Dept., 24 F. Supp. 2d 410, 417 n.13 (E.D. Pa. 1998); Irvin v. Borough of Darby, 937 F. Supp. 446, 450 (E.D. Pa. 1996); see also, Padilla v. Township of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004). Therefore, all claims against the Doylestown Police Department are dismissed.

**B. Claims Against Officer Mokriski**

Plaintiff has alleged four claims against Officer Mokriski. He has alleged Fourth and Fourteenth Amendment claims under 28 U.S.C. Section 1983 for false arrest, false imprisonment, failure to arrest another, and state created danger.

   **i. False Arrest**

Plaintiff has alleged that he was falsely arrested on March

18, 2008 by Officer Mokriski.  A false arrest claim under Section 1983 which arises out of law enforcement conduct is based on the Fourth Amendment's protections as incorporated to the states via the Fourteenth Amendment.  Baker v. McCollan, 443 U.S. 137, 142 (1979); Gerstein v. Pugh, 420 U.S. 103, 125 (1975).  A plaintiff alleging false arrest under Section 1983 must show: (1) the detention of another person; and (2) the unlawfulness of the detention.  Dowling v. City of Pennsylvania, 855 F.2d 136, 141 (3d Cir. 1988).  The key inquiry in a claim of false arrest is whether the arresting officer had probable cause to believe the person arrested committed the offense.  Growman v. Twp. of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995).  An arrest "based upon probable cause is justified, regardless of whether the individual arrested was guilty or not." Dowling, 855 F.2d at 141.

Plaintiff has not met his burden for establishing a claim for false arrest.  Officer Mokriski arrested Plaintiff for violating a PFA.  Plaintiff admits that Annuziata had a PFA against him.  He also admits that he was with Annuziata when Officer Mokriski arrested him on March 18, 2008.  When the PFA was initially issued, Plaintiff was provided with notice which indicated that any violation of the PFA may result in arrest.  This notice also alerted Plaintiff to the fact that consent by Annuziata and Plaintiff to resume co-residency would not

invalidate the PFA. See 23 Pa.C.S.A. § 6108(g). Thus, Plaintiff has not provided any factual allegations or scenarios in which Officer Mokriski lacked probable cause to arrest him for violation of the PFA. Therefore, the Court dismisses Plaintiff's claim for false arrest.

    **ii. False Imprisonment Claim against Officer Mokriski**

A false imprisonment claim under Section 1983 is based on the Fourteenth Amendment's protection against deprivations of liberty without due process of law. Baker v. McCollan, 443 U.S. 137, 142 (1979). An arrest based on probable cause cannot be the basis of a claim for false imprisonment. Id. at 143-44. Since the Court has determined that Plaintiff has not pled any facts which could possibly suggest that Officer Mokriski arrested Plaintiff without probable cause, Plaintiff's claim for false imprisonment must also fail.

    **iii. State Created Danger**

Plaintiff alleges that Officer Mokriski exposed Plaintiff to a state created danger when Officer Mokriski arrested him on March 18, 2008. However, it is unclear from Plaintiff's Amended Complaint exactly what he considers the danger to have been. Plaintiff also failed to state what harm he suffered as a result of the danger.

A claim for state created danger exists when a plaintiff demonstrates that state actors used their authority to create an

opportunity for harm that would not have otherwise existed. Bright v. Westmoreland County, 443 F.3d 276 (3d Cir. 2006). The elements of a state created danger claim are: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's actions; and (4) a state actor affirmatively used his authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. Id.

The Court must dismiss Plaintiff's claim for state created danger. Plaintiff has failed to plead any facts which suggest that a danger was created by Officer Mokriski. Plaintiff merely states that a "state created danger" existed, but provides no further details. This conclusion of law is not sufficient to maintain Plaintiff's claim for state created danger. See Papasan v. Allain, 478 U.S. at 283.

Plaintiff also failed to allege any harm which resulted from this phantom "danger". Plaintiff complains of being arrested, however an arrest with probable cause cannot be considered a harm for purposes of this claim. Finally, none of the actions taken by Officer Mokriski on March 18, 2008 can be considered to "shock the conscience." Thus, we dismiss Plaintiff's claim for state

7

created danger.

### iv. Failure to Arrest

Finally, Plaintiff alleges that Officer Mokriski violated the Equal Protection Clause of the Fourteenth Amendment when he arrested Plaintiff for violation of the PFA on March 18, 2008, but did not also arrest Annuziata.

A claim can be maintained under the Equal Protection Clause as a "class of one" if an individual is intentionally treated differently from others similarly situated without a rational basis. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). An individual does not literally need to be a class of one in order to proceed under this theory; the focus, instead, is on whether the plaintiff chooses to allege membership in a class or group. Id. at 564 & n.*. Rational basis review requires that an action, "[a]t a minimum, . . . be rationally related to a legitimate governmental purpose." Clark v. Jeter, 486 U.S. 456, 461 (1988). There is a "strong presumption of validity" when examining action under rational basis review, and the burden is on the party challenging the validity of the action to establish its unconstitutionality. FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 314-15 (1993). Finally, when undertaking rational basis review, the party defending the constitutionality of the action need not introduce evidence or prove the actual

8

motivation behind the action, but need only demonstrate that there is some legitimate justification that could have motivated the action. Id. at 315.

Again, Plaintiff has failed to plead any facts which are sufficient to maintain his claim. Plaintiff has merely alleged that Officer Mokriski should have arrested Annuziata in addition to Plaintiff, but Plaintiff has not pled any facts which suggest that there was any reason for Officer Mokriski to arrest Annuziata. Police officers have broad discretion in determining whether it is appropriate to arrest a citizen. We do not require officers to arrest someone every time a law has been violated. In this case, Defendant did not believe that there was probable cause to arrest Annuziata, and even if he did, there are many rational reasons he could have chosen not to arrest her at that time. Because Plaintiff has failed to plead any facts which would allow the Court to infer that Officer Mokriski lacked a rational basis for failing to arrest Annuziata, the Court dismisses Plaintiff's claim.

## IV. Conclusion

For the forgoing reason, Defendants' Motion to Dismiss is granted.